## TILLSON WILLIAMS *vs.* SAMUEL C. BUGBEE.

The indorser of a note being called as a witness by the holder in an action thereon against the maker, and having stated on his *voir dire*, that he sold the note for less than half the sum due thereon, for the purpose of becoming a witness; that

if the plaintiff prevailed, and recovered the full amount of the note, he expected the plaintiff would make him some allowance, though there was no such agreement between them; and that if the plaintiff should not prevail, he should probably make some return of the money received by him, though he did not consider himself under any legal liability to that effect; the witness was held to be competent.

Where the maker of a promissory note, payable to two persons jointly, after being discharged in insolvency, made a note to each of the payees for one half of the amount of the joint note, as a substitute therefor, but bearing the same date, and received the latter in exchange; it was held, that if the joint note was a valid and subsisting note at the time, an action might be maintained on each of the substituted notes against the maker, notwithstanding his discharge.

THIS was an action on a promissory note for $100 signed by the defendant, bearing date the 25th of October, 1844, payable to Allen Putnam, and by him indorsed to the plaintiff. The defence was a discharge under the insolvent law, which the plaintiff contended, was rendered ineffectual by reason of a new promise by the defendant.

The plaintiff, to substantiate this ground of recovery, called Allen Putnam, the indorser, as a witness, who, being objected to as incompetent, stated on his *voir dire*, that he sold the note to the plaintiff for $30, expressly to enable himself to be a witness; that if the plaintiff prevailed and recovered the full amount of the note, he expected the plaintiff would make him some allowance, though there was no agreement between them to that effect; and that if the plaintiff should not prevail, he should probably make some return of the money received for the note, though he did not consider himself under any legal liability to do so. The witness was admitted as competent.

The witness then testified, that he and Aaron D. Williams had a note against the defendant, for $200, dated October 25th, 1844, which belonged to them jointly, which at the request of the defendant, who promised at the same time that the whole should be paid, was duly proved against the defendant, under the proceedings in insolvency, in pursuance of which the defendant obtained the discharge relied on; that the defendant subsequently, on several occasions, promised by parol to pay the note, sometimes with the addition, when he was able, and sometimes without; that on the 1st of October, 1847, after the date of the defendant's discharge, the witness carried

the note to the defendant, and told him that he and Aaron D. Williams had dissolved, and the witness wished the defendant to divide the note into two notes ; that the defendant took the note, and wrote the note in suit, and another similar note for Aaron D. Williams, and handed them both to the witness; that the witness thereupon said to the defendant, " you have dated the notes the same as the old one," to which the defendant replied, that " he meant to do so," and the witness rejoined, that he expected differently ; that this was all that was said with reference to the debt; and that the witness inferred from the transaction, that the defendant did not mean to be legally bound.

The presiding judge of the court of common pleas, *Hoar*, J., before whom the cause was tried, instructed the jury, that an unconditional promise to pay the note of $200, made after the discharge in insolvency, would restore the legal obligation of the defendant to pay it; and that if the defendant gave the note in suit, after the discharge in insolvency, and as a substitute for the $200 note, meaning that it should stand upon the same footing with that, and at the time the exchange was made, the $200 note was a subsisting and valid note, then the defendant was liable in this action.

The jury under these instructions, returned a verdict for the plaintiff, and the defendant excepted.

*E. Wilkinson*, for the defendant.

*F. Hilliard*, for the plaintiff.

BY THE COURT. The witness was competent and admissible. Witnesses similarly situated are uniformly admitted to testify. The instructions to the jury were correct. *Merriam* v. *Bayley*, 1 Cush. 77. *Exceptions overruled.*